## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ROBERT M. CEARLEY, JR.                                   PLAINTIFF

v.                    CASE NO. 4:19-CV-00809-BSM

BOBST GROUP NORTH AMERICA, INC., *et al*.               DEFENDANTS

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA                                       INTERVENOR

BOBST GROUP NORTH AMERICA, INC.              COUNTER CLAIMANT

v.

BRYCE CORPORATION                       COUNTER DEFENDANT

### <u>ORDER</u>

Robert Cearley, Jr., as personal representative of the Estate of Vernon Leslie Holland,
named Siemens Industry, Inc. as a defendant on May 28, 2021. 2d Am. Compl., Doc. No.
96. Cearley is suing Siemens Industry, Inc. for wrongful death, negligence, products liability,
and breach of warranty for a November 22, 2016 accident and subsequent death of Holland
on May 16, 2017. Siemens Industry, Inc.'s motion for judgment on the pleadings [Doc. No.
120] is granted because Cearley's claims against it are time-barred.

### I. BACKGROUND

Cearley initially sued Siemens Corporation, Siemens Industry Software, Inc., Siemens
Demag Delaval Turbomachinery, Inc. (Siemens Entities), and John Doe defendants. Compl.
at 4–6, Doc. No. 1; Am. Compl. at 4–6, Doc. No. 2. The Siemens Entities notified him on
January 15, 2020, that Siemens Industry, Inc. was the correct defendant. Pl.'s Resp. to

Siemens' Mot. J. on the Pleadings, Ex. 1, Doc. No. 126-1.  On February 12, 2020, the Siemens Entities agreed to stipulate to a voluntary nonsuit and represented that they would not object to Cearley amending the complaint to add Siemens Industry, Inc.  *Id.*  More than a year later, on May 28, 2021, Cearley amended the complaint to add Siemens Industry, Inc., which affirmatively pleads that the claims against it are time-barred.  Siemens Industry Inc.'s Answer to 2d Am. Compl. at 39, Doc. No. 107.  Siemens Industry, Inc. now moves for judgment on the pleadings.

## II. LEGAL STANDARD

A Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings may be granted when a claim is barred by a statute of limitations.  *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004).  As with 12(b)(6) motions to dismiss, when reviewing 12(c) motions, courts must accept all well pleaded allegations as true and construe them in the light most favorable to the plaintiff.

## III. DISCUSSION

Cearley's deadline for filing the negligence, products liability, breach of warranty, and survival claims against Siemens Industry, Inc. was November 22, 2019, which was three years from the date Holland was injured.  *See* Ark. Code Ann. § 16-56-105 (three-year statute of limitations for negligence claims); Ark. Code Ann. § 16-116-203 (three-year statute of limitations for product liability claims); Ark. Code Ann. § 16-116-202(5), *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1236 (8th Cir. 1994) (three-year statute of limitations for

breach of warranty claims); Ark. Code Ann. §§ 16-62-101(a)(1) and 16-56-105(3) (three-year statute of limitations for survival claims).  Cearley's deadline for filing the wrongful death claim against Siemens Industry, Inc. was May 16, 2020, which was three years from the date Holland died.  *See* Ark. Code Ann. § 16-62-102(c)(1) (three-year statute of limitations for a wrongful death claim).  Siemens Industry, Inc.'s motion for judgment on the pleadings is granted because Cearley failed to meet these deadlines.

Cearley argues that Siemens Industry, Inc. "implicitly waived the Statute of Limitations argument" by agreeing to permit him to nonsuit the Siemens Entities.  Pl.'s Resp. to Siemens' Mot. J. on the Pleadings at 3.  This argument is problematic for two reasons. First, each of the three Siemens Entities, as well as Siemens Industry, Inc., is a distinct corporation.  Siemens Industry, Inc. was not a defendant at the time the Siemens Entities made the agreement that precipitated the nonsuit, and the record does not show that it was a party to that agreement.  If this is the case, Siemens Industry, Inc. neither waived, nor had the capacity to waive, the statute of limitations.  Second, even if Siemens Industry, Inc. had been a party to the agreement, it explicitly reserved its right to all available defenses.  Pl.'s Resp. to Siemens' Industry, Inc.'s Mot. J. on the Pleadings, Ex. 1.  Consequently, nothing prohibits Siemens Industry, Inc. from seeking dismissal on statute of limitations grounds.

Finally, dismissal is appropriate because Cearley's second amended complaint does not relate back to his prior pleading filed before the statute of limitations expired.  Cearley cannot avail himself of the Arkansas Unknown Tortfeasor Statute, Ark. Code Ann. section

16-56-125, because he waited too long after learning that Siemens, Industry, Inc. was the appropriate defendant to amend his complaint to name it. *See Harvill v. Cmty. Methodist Hosp. Ass'n*, 786 S.W.2d 577, 581 (Ark. 1990) (Arkansas Unknown Tortfeasor Statute did not allow relation back when plaintiff made strategic decision not to pursue a defendant until after the period of limitations had expired). Further, Cearley's claims against Siemens Industry, Inc. do not relate back because substituting Siemens Industry Inc. for a John Doe defendant is not a "mistake concerning the proper party's identity" under Rule 15(c)(1)(C). *Heglund v. Aitkin Cty.*, 871 F.3d 572, 579 (8th Cir. 2018); *see* 2d Am. Compl. at 4 ("Defendant Siemens Industry, Inc...is substituted in this Second Amended Complaint for pseudonym 'John Doe Company A.'"). Because Cearley's amendment to add Siemens Industry, Inc. does not relate back to a prior pleading, his claims are time-barred.

## IV. CONCLUSION

For the reasons stated above, Siemens Industry, Inc.'s motion for judgment on the pleadings [Doc. No. 120] is granted, and Cearley's claims against Siemens Industry, Inc. are dismissed with prejudice.

IT IS SO ORDERED this 30th day of September, 2022.

_____
UNITED STATES DISTRICT JUDGE